Rose Bernawich, an Infant, by Josephine Bernawich, Her Guardian ad Litem, and Another, Respondents, *v.* Fishbein Realty Corporation, Appellant, Impleaded with Velsor Realty Co., Inc., Defendant.

Antonnette Bernawich, an Infant, by Josephine Bernawich, Her Guardian ad Litem, and Another, Respondents, *v.* Fishbein Realty Corporation, Appellant, Impleaded with Velsor Realty Co., Inc., Defendant.

First Department, November 9, 1934.

*William E. Lyons* of counsel [*Barnett Cohen*, attorney], for the appellant.

*John J. McGinty* of counsel [*Joseph C. Thomson* with him on the brief; *David D. Glanz*, attorney], for the respondents.

Martin, J. These actions to recover damages for personal injuries and for loss of services and medical expenses were brought against the defendants Fishbein Realty Corporation, the owner of premises No. 1945 Davidson avenue, and the Velsor Realty Co., Inc., owner of premises Nos. 50–60 West Tremont avenue, borough of Bronx, city of New York.

The injuries complained of were received on August 9, 1927, when a retaining wall in the rear of the West Tremont avenue building collapsed and fragments thereof crashed through the

bedroom window of an apartment in the basement of premises No. 1945 Davidson avenue and struck and injured the two infant plaintiffs.

By a court order the actions against the two defendants were consolidated. When the cases were reached for trial, it was disclosed that the claims against the Velsor Realty Co., Inc., had been settled by the plaintiffs. The trial of the actions against the Fishbein Realty Corporation then proceeded and resulted in judgments in favor of the infant plaintiffs.

During the trial an important issue arose as to when and by whom the retaining wall was erected. The Fishbein Realty Corporation through its president, Abraham Fishbein, maintained that the wall was erected prior to the time that it purchased the building and that the collapse of the wall was due to some inherent defect that was not apparent to said defendant.

At the conclusion of the main charge to the jury, which failed to clearly set forth the law on this particular issue, counsel for defendant Fishbein Realty Corporation requested the court to charge as follows: " Mr. Buermann: Yes, and that therefore if there was an inherent defect in it when it was built, and this defendant did not know of the inherent defect, the jury's verdict must be for this defendant."

The court refused to so charge and the defendant took an exception. The jury then returned verdicts in favor of the infant plaintiffs. The defendant appealed and now contends that the court committed reversible error in refusing to charge as requested.

The defendant, appellant, says that the failure of the court to charge the jury as requested just prior to the time the jury retired to deliberate, was very prejudicial. The fact is stressed that this was practically the last matter considered and brought to the attention of the jury by the court.

We believe the court committed reversible error in refusing to charge as requested. The jury was permitted to hold the defendant liable, despite the fact that it might conclude that the accident was caused by an inherent defect in the wall built before the defendant became the owner of the property and of which defect the defendant had no knowledge. The importance of such a request is apparent when we consider the fact that it is asserted that the wall was constructed by some person other than the defendant at a time when it was not the owner of and had no control over the premises and was without any knowledge of the defective construction.

The defendant was entitled to a correct statement of the law by the court. The failure to give such an instruction may not be disregarded as unimportant in a case of this character.

The defendant was clearly within its rights in making such a request, especially in view of the fact that the main charge failed to adequately cover the subject, or to clearly set forth the law in a very material respect.

The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.